UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER A. HENRY,

                        Plaintiff,

      v.

DAMIAN RODRIGUEZ,

                       Defendant.

**MEMORANDUM AND ORDER**
21-cv-1211 (LDH) (JRC)

---

LaSHANN DeARCY HALL, United States District Judge:

On March 1, 2021, Plaintiff initiated this action alleging violations of his constitutional rights. (*See* ECF No. 1.) For the reasons stated below, Plaintiff's complaint is dismissed in its entirety.

## DISCUSSION

On March 1, 2021, Plaintiff initiated this action alleging violations of his constitutional rights. (*See* ECF No. 1.) While in the care of Kingsbrook Psychiatric Center, Plaintiff claims that Defendant—a mental health therapy aide—stabbed and choked Plaintiff. (*Id.* at 4.) As for relief, Plaintiff states: "I want the court [sic] give me $807,426,924,482,745,00." (*Id.* at 5.) On May 25, 2023, Defendant filed a letter request for a pre-motion conference in anticipation of his motion to dismiss. (ECF No. 35.) Defendant attaches the Summons and Complaint, which includes a handwritten letter from Plaintiff that reads as follows:

> In the law suit I am asking for over $800 Billions. We can make a deal. On the summons it says if you do not respond, judgment by default will be entered against you for the relief demanded in the complaint.

1

> If you do not respond to complaint, I promise you $200 Billions for
> you and your family. And I will keep $600 Billions. Do not respond
> to the complaint. Give me your telephone number to split the
> money.
> Truly, C.A.

(ECF No. 35-1.)

The Court has the "inherent power" to issue sanctions for bad faith conduct to protect the integrity of the judicial system, the orderly administration of justice, and to maintain the authority of the Court. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991); *see also Ceglia v. Zuckerberg*, 600 F. App'x 34, 36 (2d Cir. 2015) ("A court has 'inherent power' to 'fashion an appropriate sanction for conduct which abuses the judicial process.'"). Although a particularly severe sanction, outright dismissal is within the Court's discretion. *Id.* (citing *Chambers*, 501 U.S. at 45). In particular, "[w]here conduct reflects 'flagrant bad faith,' dismissal may be warranted 'not merely to penalize' but also 'to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Davis v. Saint Luke's-Roosevelt Hosp. Ctr.*, 771 F. App'x 116, 116 (2d Cir. 2019) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, Plaintiff plainly sought to abuse the judicial process. As the Summons demonstrates, Plaintiff sought to conspire with Defendant in an ill-fated effort to collect "[b]illions" of dollars by encouraging Defendant not to respond to the complaint.[1] Of course, Plaintiff never stood to collect the amount he seeks, but his efforts to abuse the judicial process nonetheless warrant outright dismissal of this lawsuit. *See Davis*, 771 F. App'x at 117 (affirming

---

[1] A court may consider any written instrument attached to the complaint, as well as statements and documents "incorporated in [the complaint] by reference" without converting a motion to dismiss into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). And even where a document is not incorporated by reference, the Court may nonetheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Id.* (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

2

outright dismissal of pro se action based on the "egregiousness" of plaintiff sending threatening text messages to his attorney); *Ramsey v. Broy*, No. 08-CV-0290-MJR-DGW, 2010 WL 1251199, at *6 (S.D. Ill. Mar. 24, 2010) (dismissing action where plaintiff sought to bribe a witness to influence his testimony); *Lee v. Sass*, No. 04-70550, 2006 WL 799176, at *1 (E.D. Mich. Mar. 29, 2006) (dismissing pro se action where plaintiff sought to "suborn perjury from a material witness").

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      February 5, 2024

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge